AARON D. FORD
 Attorney General
JUDY A. PRUTZMAN (Bar No. 6078)
 Deputy Attorney General
BRANDON R. PRICE (Bar No. 11686)
 Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, Nevada 89511
Tele: (772) 687-2113
Fax: (775) 687-1822
Email: jprutzman@ag.nv.gov
       bprice@ag.nv.gov

*Attorneys for Defendants State of Nevada,
Nevada State Treasurer's Office; Zach
Conine, State Treasurer*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHEILA SALEHIAN,<br><br>             Plaintiff,<br><br>  vs.<br><br>STATE OF NEVADA, NEVADA STATE TREASURER'S OFFICE; ZACH CONINE, STATE TREASURER; DOES 1-50; and ROE CORPORATIONS 1-50,<br><br>             Defendants. | Case No. 2:21-cv-01512-GMN-NJK<br><br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants STATE OF NEVADA, NEVADA STATE TREASURER'S OFFICE and ZACH CONINE, STATE TREASURER (collectively "Defendants"), by and through their attorneys, AARON D. FORD, Attorney General, JUDY A. PRUTZMAN, Deputy Attorney General, and BRANDON R. PRICE, Senior Deputy Attorney General, hereby submit this Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 11). This reply is made and based upon the memorandum of points and authorities filed herewith, all pleadings and papers on file herein, and all exhibits attached hereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On October 15, 2021, Plaintiff Sheila Salehian ("Plaintiff") filed her Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 15). In her Response, Plaintiff abandoned five of her claims. Plaintiff specifically stated she "will no longer pursue causes of action six through ten and thus agrees to dismissal of the same." ECF No. 15 at p. 2, n.1. Accordingly, Plaintiff's sixth, seventh, eighth, ninth, and tenth causes of action should be dismissed with prejudice.

The Court should dismiss the remainder of Plaintiff's causes of action with prejudice for the following reasons. First, Defendants are entitled to discretionary immunity under NRS 41.032 because the decision to terminate Plaintiff was a discretionary act. Alternatively, Plaintiff did not exhaust her administrative remedies with respect to her age and gender discrimination claims and claims brought under NRS 613.330. Finally, the FAC fails to adequately plead viable federal and state law claims.

### II. LEGAL ARGUMENT

**A.    Discretionary-Act Immunity Bars Plaintiff's Claims**

The parties agree that Plaintiff's claims are brought against the state itself and against Treasurer Conine in his official capacity. ECF No. 15, p. 8. Because of that, Defendants can invoke the discretionary-act immunity granted by Nevada law. NRS 41.032(2). Plaintiff's do not contest that Defendants' actions satisfy the elements of discretionary-act immunity. *See* ECF No. 15, pp. 7–8. The termination of Plaintiff involved an element of individual judgment by Defendants and was based on considerations of social and economic policy. ECF No. 11, p. 5.

Plaintiff maintains that "it does not make sense" that Defendants are not immune under the Eleventh Amendment for federal law claims and yet have discretionary-act immunity under NRS 41.032(2). ECF No. 15, pp. 7–8. Plaintiff's position lacks merit and ignores controlling case law. The Nevada Supreme Court recently explained that Nevada maintains its sovereign immunity from liability where NRS 41.032(2) applies. *See Echeverria v. State*, 137 Nev. Adv. Op. 49, 2021 WL 4235014, at *3–4 (Nev. Sept. 16, 2021); *see also Butler ex rel. v. Bayer*, 168

P.3d 1055, 1059 n. 1 (Nev. 2007) (stating "NRS 41.032(2), which concerns the scope of Nevada's qualified waiver of sovereign immunity for political subdivisions of the State of Nevada, provides absolute immunity to state actors sued in connection with the 'exercise or performance or the failure to exercise or perform a discretionary function or duty.'"). This Court recently held it lacks subject matter jurisdiction to hear claims when a statutory exception to a waiver of sovereign immunity exists. *See Kornberg v. United States*, No. 2:14-CV-2165-JCM-NJK, 2018 WL 5045196, at *2–3 (D. Nev. Oct. 17, 2018) (dismissing Plaintiff's claims because they fell squarely within the discretionary function exception to sovereign immunity).

Plaintiff's position that discretionary-act immunity does not apply because Defendants do not have discretion to violate statutory provisions, i.e., the ADEA, FMLA, ADA and Title VII, also lacks merit. ECF No. 15, p. 7. The State's discretionary-act immunity is a matter of state law. *Redgrave v. Ducey*, 953 F.3d 1123, 1125 (9th Cir. 2020); *see Beers v. Arkansas*, 61 U.S. 527, 529–30 (1857). Whether or not the federal version of discretionary-act immunity can be overcome by mandatory statutory provisions is irrelevant. When the Nevada Supreme Court adopted the two-part test for discretionary-act immunity, there is no indication that it adopted the federal analysis for exceptions to discretionary-act immunity. *See Martinez v. Maruszczak* 168 P.3d 720, 728–29 (Nev. 2007). Under Nevada common law, the *only* exception to discretionary immunity is for bad faith conduct. *See Fox v. State ex rel. its Dep't of Corr.*, 373 P.3d 915 (Nev. 2011) (applying discretionary immunity in action alleging constitutional and civil rights violations and not addressing an exception for an alleged constitutional violation). The Nevada Supreme Court specifically recognized discretionary-act immunity as a potential defense to a federal statutory claim. *Echeverria*, 2021 WL 4235014, at *3–4.

Even if Nevada were to recognize an exception to discretionary immunity based on a violation of the ADEA, FMLA, ADA or Title VII, such exception does not apply here because, as set forth more fully in the Motion to Dismiss and this reply, Plaintiff cannot establish a violation of these statutes.

/ / /

/ / /

3

**B.      Plaintiff Failed to Exhaust Administrative Remedies**

In response to Defendants' failure-to-exhaust argument, Plaintiff asserts that her EEOC Charge "clearly" contains claims based on age and gender discrimination because all "these boxes" are checked on the EEOC Charge and her allegations of age and gender discrimination are like or related to the allegations contained in her EEOC Charge. ECF No. 15, p. 9. However, checking the boxes—without more—is insufficient to demonstrate administrative exhaustion. *See McCutchen v. Sunoco, Inc.,* No. CIV.A. 01–2788, 2002 WL 1896586, at *2–3 (E.D. Pa. Aug. 16, 2002) (where the EEOC charge is lacking any allegations of gender discrimination, merely checking off the box of 'sex' on the EEOC charge is insufficient to exhaust it as a claim). Moreover, Plaintiff fails to explain how the allegations contained in her EEOC Charge are related to her age and gender-based discrimination claims. When claims asserted in a lawsuit do not appear in a charge of discrimination, the plaintiff must demonstrate that the new claims are like or reasonably related to the allegations of those in the charge. *Green v. Los Angeles County Superintendent of Sch*., 883 F.2d 1472, 1475–76 (9th Cir.1989).

To determine whether a discrimination claim is like or reasonably related to allegations within an EEOC charge, the Ninth Circuit considers "whether the original EEOC investigation would have encompassed the additional charge." *Green*, 883 F.2d at 1476 (citations omitted). Because Plaintiff's EEOC Charge focuses solely on her medical condition and how she believes she was subjected to retaliation and/or discrimination because of her alleged disability, it is not reasonable to conclude that the EEOC investigation would have included an inquiry into age and gender discrimination. *See Errico v. Fed-Ex Freight, Inc*., No. 2:10-CV-01872-RLH, 2011 WL 1770861, at *3 (D. Nev. May 9, 2011). Plaintiff's age and gender discrimination claims are beyond the permissible scope of this civil action and must be dismissed because she failed to exhaust her administrative remedies with respect to such claims. *See Leong v. Potter*, 347 F.3d 1117, 1120–21 (9th Cir. 2003) ("The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation.").

Plaintiff concedes her state law claims do not appear in her EEOC Charge. ECF No. 15, p. 10. Because Plaintiff failed to raise state law discrimination and/or a violation of NRS

1    613.330 in her EEOC Charge, and cannot show that NERC adjudicated her claims, she failed to

2    exhaust administrative remedies on her state law claims, and all four causes of action based on

3    state law must be dismissed. *See, e.g., Gonzales v. Harrah's Operating Co. Inc.*, No. 3:13-cv-

4    230-RCJ-WGC, 2013 WL 6284172, at *6 (D. Nev. Dec. 4, 2013) (dismissing plaintiff's NRS

5    613.330 claim for failure to exhaust administrative remedies with NERC); *Duncan v. Rio Suite*

6    *Hotel & Casino*, No. 2:12-CV-00565-MMD, 2012 WL 5818125, at *5 (D. Nev. Nov. 15, 2012)

7    (the failure to assert a violation of state law in an EEOC charge forecloses plaintiff's ability to

8    pursue such claims in court).

9         Plaintiff also concedes that the right-to-sue letter only authorized her to file disability

10   discrimination claims under the Rehabilitation Act and the ADA. ECF No. 15, p. 9. Plaintiff

11   states she "is not sure why" the right-to-sue letter did not include her other claims. *Id.* Plaintiff

12   does not cite to any legal authority stating that courts have the ability to entertain claims which

13   are subject to exhaustion but not authorized pursuant to the right-to-sue letter.  Dismissal of

14   claims is required in cases like this where the right-to-sue letter does not cover the claims and

15   the plaintiff offers no explanation as to why she was unable to obtain a right-to-sue letter for

16   them. *See e.g. Newsome v. Berman*, 24 F. App'x 33, 34 (2d Cir. 2001) (unpublished decision).

17   **C.    Plaintiff Fails to Sufficiently Plead Plausible Claims**

18        **1.    Plaintiff Has Failed to State a Plausible Age Discrimination Claim**

19        As discussed in Defendants' Motion to Dismiss (ECF No. 11), Plaintiff has failed to

20   sufficiently plead facts related to her age discrimination claim. Plaintiff's age cannot be a but-for

21   cause of her termination where the FAC alleges that Plaintiff was terminated for trying to

22   exercise her rights under the FMLA and/or to avoid accommodating Plaintiff's purported

23   disabilities. ECF. No. 1-3, ¶¶ 54, 67. Plaintiff alleges no facts to suggest discriminatory intent.

24   Accordingly, Plaintiff's age discrimination claim should be dismissed.

25        **2.    Plaintiff Has Failed to State a Plausible Age Harassment Claim**

26        The Ninth Circuit has never recognized an ADEA hostile work environment claim. *See*

27   *Stevens v. Cty of San Mateo*, 267 Fed. Appx. 684, 685 (9th Cir. 2008). The few circuits that do

28   recognize age-based hostile work environment claims use the test articulated in *Harris v.*

*Forklift Sys., Inc.*, 510 U.S. 17 (1993), for hostile work environments based on race or gender. *See, e.g., MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005). In order to establish a hostile work environment, a plaintiff must establish that "'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]'" *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir. 2005) (quoting *Harris*, 510 U.S. at 21).

      Even if Plaintiff's age-related hostile work environment claim is cognizable, Plaintiff has not sufficiently pleaded her claim. The FAC contains no facts specifying when the alleged negative comments about Plaintiff's age were made, who made them, and how often Plaintiff received such comments during the seven years she was employed by Defendants. The alleged comments were also not attributed to Treasurer Conine and there are no facts whatsoever demonstrating that he had knowledge of such comments. ECF No. 1-3, ¶ 13. Additionally, at most, the comments described in the FAC are mere offensive utterances that do not rise to the level of actionable harassment. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) ("offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."). Furthermore, Plaintiff does not state facts as to *how* Defendants' actions interfered with her work performance or were humiliating/threatening. Such assertions, standing alone, are insufficient to sustain an actionable claim.

### 3. Plaintiff Has Failed to State a Plausible FMLA Claim

Based on the face of the FAC, Plaintiff never requested FMLA leave that was denied. Indeed, Plaintiff admits in her Response that she was only *trying* to give her FMLA paperwork to Defendants on the day she was terminated. ECF No. 15, p. 16. *See also* ECF No. 1-3, ¶ 54. Moreover, the FAC does not contain any facts indicating that Treasurer Conine or Chief of Staff Dickson knew Plaintiff was trying to exercise her FMLA rights or that Plaintiff's physician had filled out FMLA paperwork. Defendants had no reason to believe Plaintiff needed any time off because, according to the FAC, Plaintiff was capable of working from home after her

chemotherapy treatment. ECF No. 1-3, ¶20. In order to establish an FMLA violation, the employee must show that the employer received notice of the employee's intent to take FMLA leave. *See Walls v. Central Contra Costa Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). In the absence of any allegations regarding timely notification to Defendants of Plaintiff's FMLA leave requests or denial of such requests, Plaintiff's FMLA claim must be dismissed.

**4.    Plaintiff Has Failed to State a Plausible Disability Discrimination Claim**

The FAC fails to set forth sufficient factual allegations to show that Plaintiff is disabled within the meaning of the ADA. In particular, Plaintiff's allegations are not sufficient to show that she had a substantially limiting impairment. Even under the more stringent post-ADAAA standards, merely stating that a condition substantially limits various life activities is insufficient. *See, e.g., Mancini  v. City of Providence ex rel. Lombardi*, 909 F.3d 32, 43 (1st Cir. 2018). Plaintiff is required to allege facts that describe the nature, severity, and impact of her impairment and *how* the impairment substantially limits a major life activity. *See Shields v. Credit One Bank*, N.A., No. 2:19-CV-00934-JAD-NJK, 2020 WL 1286210, at *3 (D. Nev. Mar. 17, 2020); *I.B. v. Cty. of San Bernardino*, No. ED-CV-181061-DOC-SKX, 2018 WL 6016290, at *7 (C.D. Cal. July 9, 2018). The 2008 amendments to the ADA relaxed the standard for determining whether a plaintiff is substantially limited in engaging in major life activities, but plaintiffs must still establish they are limited in their ability to engage in major life activities compared to "most people in the general population." *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014). Because the FAC fails to state facts that describe the nature, severity, or long-term impact resulting from Plaintiff's skin cancer, Plaintiff has failed to plausibly state a claim for discrimination and failure to accommodate under the ADA.

Defendants cited *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) to support their position that Plaintiff's failure to accommodate claim must be dismissed for failure to allege that a reasonable accommodation was actually denied by Defendants. ECF No. 11, p. 13. *Snapp* was recently relied upon by District Judge Gordon in *Caberto v. Nevada ex rel. Dep't of Health & Human Services , Pub. & Behavioral Health*, 2:18-cv-01034-APG-DJA, 2020 WL

1    5370945, at *3 (D. Nev. Sept. 8, 2020) to find that the plaintiff's claim for failure to
2    accommodate failed where the employer did not actually deny a reasonable accommodation.

3        **5.    Plaintiff Has Failed to State a Plausible Gender Discrimination Claim**

4            Plaintiff's gender discrimination claim is based on conclusory allegations that she was
5    treated differently than male coworkers because of her sex/gender. ECF No. 1-3, ¶¶ 16–19, 75–
6    76. A properly pleaded complaint must contain more than "labels and conclusions" or a
7    "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. Here,
8    Plaintiff's discrimination claim cannot survive dismissal because the FAC does not contain
9    sufficient factual matter to state a plausible claim on its face. *Id.*

10           In her Response, Plaintiff cites to allegations that describe a difference in treatment that
11   Plaintiff experienced compared to other employees. ECF No. 15, pp. 21–22 (citing to ECF No.
12   1-3, ¶¶ 16–18, 75). But noticeably absent from those allegations are facts indicating that
13   Defendants treated Plaintiff the way that they did *because* she is a female. *Id.* The assertion that
14   Plaintiff was treated differently, alone, is insufficient to state a cognizable gender
15   discrimination claim. Plaintiff must allege facts showing that she received unfavorable
16   treatment that was motivated by her gender. *See Cohen v. Clark Cty. Sch. Dist.*, No. 11-CV-
17   1619-MLH-RJJ, 2012 WL 2326721, at *3 (D. Nev. June 19, 2012); s*ee also Costa v. Desert
18   Palace, Inc.,* 299 F.3d 838, 847–48 (9th Cir. 2002) (the protected characteristic must be a
19   motivating factor for the employment decision for a Title VII discrimination claim).

20           Plaintiff concedes that the FAC does not allege she was subjected to any negative
21   comments about her age or any other facts which would demonstrate Defendants' actions were
22   motivated by discriminatory animus. ECF No. 15, p. 22 n. 10. Because the allegations of
23   discriminatory animus are not supported by facts, the Court cannot draw a reasonable inference
24   that Plaintiff was treated differently because she is a woman. *See Stegmaier v. City of Reno*, No.
25   3:13-CV-00461-MMD, 2015 WL 4773711, at *7 (D. Nev. Aug. 13, 2015) (dismissing a Title
26   VII claim where allegations that conduct was carried out against plaintiff because of his gender
27   were conclusory and not supported by facts).

28   / / /

Plaintiff also fails to state a cognizable claim because the FAC contains no allegation that the comparators were similarly situated to Plaintiff. ECF No. 1-3, ¶¶ 73-81. In her Response, Plaintiff does not dispute that she failed to allege in her FAC that she was similarly situated to the male coworkers. ECF No. 15, p. 22. Instead, Plaintiff takes the position she is not required to include such allegations at the pleading stage because "that is what discovery is for." *Id.* Plaintiff has it backwards; she does not have any right to discovery unless and until her complaint states a claim upon which relief can be granted. "[T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *DM Research, Inc. v. Coil, of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999). It is clear Plaintiff does not know whether or not she was similarly situated with the alleged comparators. ECF No. 15, p. 22. She states discovery is needed "to try to determine if each employee was similarly situated or not." *Id.* Plaintiff's assertion that she needs discovery so she can state a claim "is the quintessence of a fishing expedition, and cannot defeat a motion to dismiss." *See Wagner v. Magellan Health Srvs., Inc.*, 125 F. Supp. 2d 302, 305 (N.D. Ill. 2000) (rejecting plaintiff's argument that a motion to dismiss should be denied because "he has no more information presently available to him, but says that 'it is conceivable' something might turn up in discovery").

### 6.    Plaintiff Has Failed to State a Plausible IIED Claim

Plaintiff completely ignores Defendants' argument that her IIED claim fails as a matter of law because it is based on the same alleged illegal employment practices underlying her discrimination and harassment claims. ECF No. 11, p. 20. This Court and the Nevada Supreme Court have held that NRS 613.330 *et seq. "*provides the exclusive remedy for tort claims premised on illegal employment practices." *See Schaefer v. Diamond Resorts Int'l Mktg., Inc.*, 2:14-CV-01900-GMN, 2015 WL 1932196, at *7 (D. Nev. Apr. 28, 2015) (citations omitted) (dismissing IIED claim based on the same alleged illegal employment practices underlying plaintiff's discrimination claims). Because Plaintiff's IIED claim is duplicative of her

1  discrimination claims and is preempted by NRS 613.330, her eleventh cause of action should be

2  dismissed with prejudice.

3        In addition, the cases relied upon by Plaintiff in her Response do not save her IIED

4  claim. *Conover v. Vons Stores, Inc*., 2:11-CV-01806-GMN, 2012 WL 4482591, at *3 (D. Nev.

5  Sept. 25, 2012) simply does not stand for what Plaintiff claims it does. The *Conover* court in

6  fact *dismissed* plaintiff's IIED claim because the complaint failed to allege that the statements

7  yelled at plaintiff were racially charged. The other five cases are distinguishable because, unlike

8  the general and ambiguous statements allegedly made about Plaintiff, the statements in these

9  cases were specifically directed at plaintiff, derogatory and/or vulgar, sexual/racial in nature,

10 repeatedly made by a superior, or accompanied by unwanted sexual advances and touching. *See*

11 *Kraja v. Bellagio, LLC,* 731 Fed. Appx. 680, 681 (9th Cir. 2018) (plaintiff called "Fat Andy");

12 *Shufelt v. Just Brakes Corp*., 2:16-CV-01028-GMN-CWH, 2017 WL 379429, at *3 (D. Nev.

13 Jan. 25, 2017) (unwanted sexual advances and touching); *Schaefer*, 2015 WL 1932196, at *7

14 (derogatory statements of a sexual nature); *Gardner v. LKM Healthcare*, LLC, 3:10-CV-0686-

15 LRH-VPC, 2012 WL 3100562, at *3 (D. Nev. July 30, 2012) (derogatory racial slurs, including

16 "nigger"); *McGrath v. Nevada Dept. of Pub. Safety*, 3:07-CV-00292-LRH-VPC, 2008 WL

17 1924042, at *4 (D. Nev. Apr. 30, 2008) (repeated verbal abuse by a superior).  Here, the FAC

18 does not contain factual allegations showing that Defendants engaged in extreme and outrageous

19 conduct or were motivated by an intent to cause Plaintiff emotional distress. Accordingly,

20 Plaintiff's IIED claim is insufficiently pled.

21 **D.    Plaintiff Should Not be Allowed to Amend the FAC**

22        Since Plaintiff has already amended her complaint once and Defendants have filed a motion

23 to dismiss, Plaintiff can only amend upon the Court's leave. FRCP 15(a)(2). Although amendments

24 to pleadings are freely given when justice requires, Rule 15(a) is not without limitations. *Id.; Ascon*

25 *Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989). When amendment to a

26 pleading would be futile, any request to amend should be denied. *See Saul v. United States*, 928

27 F.2d 829, 843 (9th Cir. 1991). As discussed above, Defendants are entitled to discretionary

28 immunity against Plaintiff's claims. Furthermore, Plaintiff failed to exhaust administrative

remedies with respect to her age and gender discrimination claim, which forecloses her ability to pursue her ADEA and Title VII claims.

In deciding whether to grant leave to amend, the court will consider factors including undue delay, prejudice to the opposing party, futility of the amendment, and bad faith. *See United States v. Truckee-Carson Irrigation Dist.*, 107 F.R.D. 377, 380 (D. Nev. 1985). Plaintiff should not be allowed to amend her FAC because the proposed amendments would be futile and/or Defendants would suffer unfair prejudice. Allowing Plaintiff to amend again will force Defendants to defend against claims that should otherwise be dismissed and unnecessarily prolong litigation.

### III. CONCLUSION

In conclusion, Plaintiff fails to state viable claims in her FAC and the flaws of Plaintiff's FAC cannot be remedied by amendment. Accordingly, Defendants request that the Court grant their motion and dismiss Plaintiff's claims with prejudice.

DATED this 5th day of November 2021.

AARON D. FORD
ATTORNEY GENERAL

By: */s/ Judy A. Prutzman*
    JUDY A. PRUTZMAN (Bar No. 6078)
    Deputy Attorney General
    BRANDON R. PRICE (Bar No. 11686)
    Senior Deputy Attorney General

*Attorneys for Defendants State of Nevada,*
*Nevada State Treasurer's Office; Zach*
*Conine, State Treasurer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the State of Nevada, Office of the Attorney General and that on the 5th day of November 2021, she electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the United States District Court by using the CM/ECF Electronic Filing System. Parties will be notified by the Court's notification system.

Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10725 Del Rudini Street
Las Vegas, Nevada 89141
mbalaban@balaban-law.com
*Attorneys for Plaintiff*


 */s/ Ginny Brownell*
Ginny Brownell, an Employee of the Office
of the Attorney General