1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHEILA SALEHIAN,<br><br>          Plaintiff,<br><br> vs.<br><br>STATE OF NEVADA, NEVADA STATE TREASURER'S OFFICE; ZACH CONINE, STATE TREASURER; DOES 1-50; and ROE CORPORATIONS 1-50,<br><br>          Defendants. | Case No. 2:21-cv-01512-CDS-NJK<br><br><br>**ORDER TO MODIFY THE SCHEDULING ORDER**<br><br>**(THIRD REQUEST)** |

Defendants, STATE OF NEVADA, NEVADA STATE TREASURER'S OFFICE, ZACH CONINE, STATE TREASURER, and Plaintiff, SHEILA SALEHIAN, by and through their respective counsel, jointly stipulate and request that this Court modify the scheduling order (ECF No. 31) with respect to the deadline for Plaintiff to file an amended complaint (leave granted by ECF No. 34), the deadline for Defendants to answer or otherwise respond to the operative complaint, and the deadline for filing dispositive motions. Good cause and excusable neglect exist for modifying the scheduling order.

1

This request to modify the scheduling order was prompted by the Court's August 1, 2022 Order (ECF No. 34) granting in part, and denying in part Defendants' Motion to Dismiss. In its Order, the Court granted Plaintiff leave to file an amended complaint. As a result of this decision, a modification of the schedule order is necessary to set a deadline for Plaintiff to file an amended complaint, to give Defendants sufficient time to answer or otherwise respond to the operative complaint, and to give Defendants sufficient time to file a dispositive motion.

This is the third request by the parties to modify the Stipulated Discovery Plan and Scheduling Order. The parties previously stipulated twice to extend discovery deadlines, which effectively extended the other unexpired deadlines in the scheduling order.

**Relevant Procedural History and Discovery Completed**

This case commenced on May 17, 2021, upon Plaintiff's filing of a Complaint in the Eighth Judicial District Court in Clark County, Nevada. Plaintiff filed her First Amended Complaint ("FAC") on June 24, 2021, and Defendants removed the case to this Court on August 12, 2021. ECF No. 1. On September 16, 2021, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint, seeking dismissal of each of Plaintiff's eleven causes of action. ECF No. 11. With the Motion to Dismiss pending, the parties submitted, and the Court approved, the Scheduling Order on November 3, 2021. ECF No. 19. The Scheduling Order established April 14, 2022, as the deadline to file dispositive motions. *Id.* ¶ 6.

The parties attended an Early Neutral Evaluation on November 4, 2021, and the Motion to Dismiss was fully briefed upon the filing of Defendants' Reply on November 5, 2021. ECF No. 23. The parties stipulated twice to extend discovery deadlines (ECF No. 24, ECF No. 30), and discovery closed on July 14, 2022. At this time, no further discovery is needed and the parties have completed the following discovery in this action:

Plaintiffs have made the following disclosures:

- Plaintiff's Initial Disclosures
- Plaintiff's First Supplement to Initial Disclosures
- Plaintiff's Second Supplement to Initial Disclosures

///

2

Defendants have made the following disclosures:

- Defendants' Initial Disclosures
- Defendants' First Supplemental Disclosures
- Defendants' Second Supplemental Disclosures

Plaintiffs have responded to the following written discovery requests:

- Defendant State Treasurer's Office's Interrogatories (First Set, Nos. 1-19)
- Defendants' Requests for Production of Documents (First Set, Nos. 1-20)
- Defendants' Requests for Admission (First Set, Nos. 1-32)
- Defendants' Requests for Admission (Second Set, Nos. 1-3)
- Defendant State Treasurer's Office's Interrogatories (Second Set, Nos. 1-6)

Defendants have responded to the following written discovery requests:

- Plaintiff's Requests for Production of Documents (First Set, Nos. 1-31)
- Plaintiff's Interrogatories (First Set, Nos. 1-25)
- Plaintiff's Requests for Admissions (First Set, Nos. 1-41)

Defendants deposed the Plaintiff

Plaintiff deposed Defendant Zach Conine and four witnesses

On August 1, 2022, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss. ECF No. 34. The Order dismissed nine of Plaintiff's claims without prejudice and provided Plaintiff leave to amend her complaint. ECF No. 34, p. 16, ll. 8-10; p. 21, ll. 3-4; p. 22, ll. 11-12.

**Good Cause for Requesting Modifications to the Scheduling Order**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. FRCP 16(b)(4); LR 26-3. A stipulation to extend any date set by the scheduling order must also satisfy the requirements of LR IA 6-1. LR 26-3. Stipulations to extend deadlines must be made "no later than 21 days before the expiration of the subject deadline." *Id.* "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.* The good cause inquiry is focused on the reasons for seeking to modify the scheduling order and primarily considers the parties' diligence. *In re W. States*

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3.

The parties respectfully submit that good cause exists to set the deadline for Plaintiff to file a second amended complaint. The Court's August 1, 2022 Order (ECF No. 34) resulted in the dismissal of nine claims without prejudice and gave Plaintiff leave to amend. The Court did not specify a deadline for Plaintiff to file an amended complaint. Plaintiff needs sufficient time to decide whether or not to file a second amended complaint, and if she decides to do so, she will need sufficient time to draft the amended complaint. Accordingly, the parties request a deadline of August 15, 2022 (14 days from the date of the Order) by which Plaintiff must file an amended complaint.

The parties also respectfully submit that good cause exists to extend the deadline for Defendants to answer or otherwise respond to Plaintiff's complaint. Defendants' answer to the FAC is currently due on August 15, 2022 (pursuant to FRCP 12(a)(4)(A)), which is the same date dispositive motions are due. ECF No. 31. If Plaintiff files a second amended complaint, Defendants will need to answer or otherwise respond to Plaintiff's amended complaint because that would be the new operative complaint. In the interest of judicial economy, to preserve government resources, and to avoid the filing of multiple answers, the parties request the deadline for Defendants to answer or otherwise respond to Plaintiff's operative complaint be extended to August 29, 2022 (14 days after the deadline for Plaintiff to file a second amended complaint).

The parties also respectfully submit that good cause exists to extend the dispositive motions deadline. Defendants intend to file a motion for summary judgment in this case. The current dispositive motion deadline is August 15, 2022. An amended complaint will alter the scope of dispositive motions and could potentially create a need to reopen discovery. Defendants cannot prepare a dispositive motion in this case until they know what claims are at issue. Therefore, it is necessary to extend the existing deadline for dispositive motions. At the time the August 15, 2022, deadline for dispositive motions was established on April 21, 2022,

the parties had no way of knowing when the Court would issue its Order on the pending Motion to Dismiss. The parties have exercised diligence in seeking to modify the dispositive motions deadline by submitting this request only three days after the Court's Order was issued on August 1, 2022.

The parties are also currently engaged in active settlement discussions. Extending the dispositive motions deadline will give the parties additional time to attempt to resolve this matter without first spending significant time and resources on briefing dispositive motions. Accordingly, the parties request that the dispositive motions deadline be extended to September 28, 2022 (30 days from the date Defendants' answer or response to the operative complaint would be due).

This request is being submitted before the dispositive motions deadline of August 15, 2022, but less than twenty-one days before the deadline. Good cause and excusable neglect exist for requesting an extension of the dispositive motion deadline less than 21 days before the deadline. In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the parties; (2) whether the parties acted in good faith; (3) the length of the delay and its potential impact on the proceedings; and (4) the danger of prejudice. *See Bateman v. U.S. Postal Service, 231 F.3d 1220, 23–24* (9th Cir. 2000) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs*., 507 U.S. 380, 395 (1993). The parties have been diligent in moving this case forward while Defendants' Motion to Dismiss was pending. However, they had no control over when the Court would rule on the Motion to Dismiss. It was also unknown to the parties that Plaintiff would be granted leave to amend her complaint at this stage of the case. As such, the delay in requesting the current extension was outside the control of the parties and was caused by the fact that the dispositive motions deadline currently falls only fourteen days after the Order on the Motion to Dismiss was issued. This request is made in good faith in an effort to prevent disorderly litigation and allow counsel to proceed in the best interests of their respective clients.

The length of the requested extension for dispositive motions will not result in prejudice to any party. Requiring Defendants to file a dispositive motion on August 15, 2022,

1   would negatively impact the proceedings and possibly cause the parties to submit multiple

2   dispositive motions or engage in unnecessary or duplicative litigation efforts.

3   **Proposed Schedule for Deadlines**

4         The parties respectfully submit the following proposed deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| File Second Amended Complaint | *None Specified* | *August 15, 2022* |
| Answer or otherwise respond to operative complaint | *None Specified* | *August 29, 2022* |
| Dispositive Motions | *August 15, 2022* | *September 28, 2022* |
| Joint Pretrial Order | *September 12, 2022* | *October 28, 2022 (If dispositive motions are filed the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or further Court order).* |

18   **IT IS SO ORDERED.**

19   Dated: August 5, 2022

20   _____
      Nancy J. Koppe
21   United States Magistrate Judge

6