UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Sheila Salehian,

        Plaintiff

v.

Nevada State Treasurer, et al.,

        Defendants

Case No. 2:21-cv-01512-CDS-NJK

**Order Rejecting Proposed Joint Pretrial Order**

[ECF No. 58]

The parties filed a proposed joint pretrial order. ECF No. 58. However, because it does not comply with Local Rules 16-3 and 16-4, I reject it.

The proposed order states that "[t]he parties reserve objections regarding these exhibits for trial[.]" ECF No. 58 at 8. There is no such right to reserve. Local Rule 16-3(b)(8)(B) requires the parties to state the grounds for each objection to each specific exhibit and must be included in the proposed order.

The parties attempt to reserve all rights to present or object to electronic evidence. ECF No. 58 at 12. No such right exists. Local Rule 16-4 at VII(c) provides that the proposed order must "[s]tate whether the parties inten[d] to present electronic evidence for purposes of jury deliberations."

Local Rules 16-3(b)(10) and (11) require the parties to identify the depositions they intend to offer at trial by "designating the portions of the depositions to be offered" and providing a "statement of the objections, and the grounds for them." Because the parties do not intend to offer deposition testimony unless a witness is unexpectedly unavailable for trial, the court will allow them to defer this portion of their proposed order. However, forty-five days prior to trial, the parties must identify the portions of depositions that will be read at trial by the party intending to introduce the same and must the page and line numbers. A statement of the objections, and the grounds for them, must follow every identified portion of each listed

deposition.[1] Finally, both sides "reserve the right to call any person necessary to authenticate any of the possible exhibits listed herein." ECF No. 58 at 14, 16. The parties must confer about what evidence they need to present at trial, they can either stipulate to the authenticity of the proposed exhibits and eliminate the need for a records custodian or authentication during trial, or file appropriate motions. Any stipulations shall be included in the updated proposed joint pretrial order.

**Conclusion**

IT IS THEREFORE ORDERED that the proposed joint pretrial order **[ECF No. 58]** is **REJECTED**. The parties must confer and submit a second proposed joint pretrial order by February 18, 2025.

Dated: January 28, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Objections are due fourteen days after the opposing party files its notice identifying the portions of depositions that will be read at trial.