Michael P. Balaban
State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
(702)586-2964
Fax: (702)586-3023

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| SHEILA SALEHIAN, | ) | Case No. 2:21-cv-01512-CDS-NJK |
| | ) | |
| Plaintiff, | ) | **JOINT PRE-TRIAL ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF NEVADA, NEVADA STATE | ) | |
| TREASURER'S OFFICE; ZACH CONINE, | ) | |
| STATE TREASURER; DOES 1-50; and ROE | ) | |
| CORPORATIONS 1-50; | ) | |
| | ) | |
| Defendants. | ) | |

After pretrial proceedings in this case,

IT IS ORDERED

## I.    NATURE OF ACTION AND RELIEF SOUGHT

This is an action for civil damages brought by Plaintiff Sheila Salehian ("Plaintiff" or "Salehian"), under the Age Discrimination in Employment Act of 1967 ("ADEA")[1] against Defendants State of Nevada, Nevada State Treasurer's Office and Zach Conine, State Treasurer (collectively "Defendants" or individually "State Treasurer's Office" or "Conine").

## II.    CONTENTION OF THE PARTIES

### PLAINTIFF'S CONTENTIONS

Salehian was born on June 2, 1961 making her 58 years old when she was terminated on October 28, 2019 and replaced by an individual by named Tya Mathis-Coleman who was 38 years old

---

[1] Plaintiff originally brought claims under the ADEA for age discrimination and harassment, under the Family Medical Leave Act, under the Americans with Disabilities Act and under Title VII for gender discrimination, but all of Plaintiff's claims except for her claim for age discrimination under the ADEA have been dismissed.

when she replaced Salehian under circumstances that suggest that Plaintiff was terminated because of her age including the fact that Mathis-Coleman was substantially younger than Salehian when she replaced her.  In addition, Plaintiff's supervisor Beth Yeatts was terminated on the same day as Salehian and Yeatts was 62 years of age when she was terminated and replaced by Kirsten Van Ry who was 30 years old when she replaced Yeatts.

This also included the fact that Plaintiff had been successfully employed at the State Treasurer's Office since January 9, 2012 (almost eight years) as a Senior Deputy Treasurer and then Executive Director of the Governor Guinn Millennium Scholarship Program.  In addition she had over 23 years of working in managerial roles within financial services at Citigroup prior to that.

Further there is clear evidence that Salehian was performing her job satisfactorily when she was terminated from her job based on accomplishments presented to the College Savings Board and a promotional video she was asked to record by the State of Nevada Human Resources Department one month prior to her termination, not to mention the successful nationwide Treasury Training Symposium she was responsible for coordinating, with a peer from Washington State, five months before being terminated.

Virtually everyone other than Treasurer Conine, Chief of Staff Miles Dickson and Chief Deputy Treasurer Tara Hagan reported that Salehian was a consummate professional doing a good job at the State Treasurer's Office.

This included her direct supervisor Yeatts during the entire time Salehian worked under Treasurer Conine who said, "[d]uring the time I worked with Sheila, she never had a single complaint or grievance filed against her" and "Salehian was terminated without receiving any prior disciplinary action of any kind."  It also included others such as Plaintiff's direct supervisor prior to Yeatts, Linda English, whom Salehian worked with for over two years.  Further it included subordinates, Cherie McDowell who worked with Plaintiff in the unclaimed property department from approximately September 2015 through October 28, 2019, and Xocitl Guzman a subordinate of Salehian for approximately four years.  In addition, both of the prior Nevada State Treasurer's, Kate Marshall and Dan Schwartz, gave Ms. Salehian strong letters of recommendations when they left public office, citing Salehian's leadership skills and accomplishments under their tenure.

In fact there is no written documentation in this case that the State Treasurer's Office ever stated that Plaintiff was not performing her job satisfactorily until this lawsuit was filed. Even the termination letter Salehian was given did not mention one concern with her performance.

Finally comments and actions taken by Conine and Dickson prior to her termination indicate that Salehian was targeted and eventually terminated because of her age.

This included among other things, arguably age bias comments Dickson made to Plaintiff in March and April of 2019, Salehian being assigned a smaller office than younger staff/deputies and Plaintiff being given a reduction of duties, including but not limited to, media outreach responsibilities between February 2019 and October 2019 which were taken away without reason or explanation. Specifically, Conine allowing younger staff members to pick him up and accompany him to public facing media interviews or program functions and had younger staff review customer correspondence, both of which had been a main component of Salehian's job prior to Conine becoming Treasurer.

## DEFENDANTS' CONTENTIONS

### A.    Salehian's Employment At The Nevada Treasurer's Office

Sheila Salehian was hired as a Senior Deputy Treasurer by former State Treasurer Kate Marshall in January 2012. In May of 2015, Ms. Salehian was demoted into the position of Executive Director of the Governor Guinn Millennium Scholarship Program, and she remained in that position until her termination. Ms. Salehian supervised six staff members in Carson City and Las Vegas and reported directly to a Senior Deputy Treasurer named Beth Yeatts for the last two years of Ms. Salehian's employment. During the time Ms. Salehian worked for Beth Yeatts, she contacted senior management approximately five times to suggest that Beth Yeatts be terminated and Ms. Salehian be promoted into her position. Ms. Salehian worked in the Southern Nevada Office of the Treasurer, and her primary duties were related to savings and scholarship programs that help Nevadans save and pay for post-secondary education, including the Governor Guinn Millennium Scholarship Program; Nevada-sponsored national 529 savings plans; and the Nevada Prepaid Tuition Program. Specifically, the Executive Director of the Millennium Scholarship position has no oversight or responsibility with any financial services functionality. Ms. Salehian frequently attempted to involve herself with the decisions being made by financial services experts, causing confusion and frustration amongst the

State's partners as her attempts to involve herself in the work of experts was ineffective and disruptive. All positions held by Ms. Salehian were unclassified positions and Ms. Salehian understood that her employment was at-will, meaning she could be terminated at any time without cause. As such, she was not entitled to protected job status and the notice or process provisions of Chapter 284 of the Nevada Revised Statutes ("NRS") and the Nevada Administrative Code ("NAC") before being terminated. *See* NRS 284.383-284.405 (process for discipline or dismissal of permanent *classified* employee); NAC 284.638-284.6563 (same); Ms. Salehian, like other unclassified employees in the Office, was appointed, sworn in by and served at the pleasure of the elected Nevada State Treasurer.

In November 2018, Treasurer Zach Conine was elected as Nevada State Treasurer. Miles Dickson was hired as the new Chief of Staff at the end of January 2019. Mr. Dickson supervised Salehian's direct supervisor and was responsible for the staff and two programs in the Las Vegas office of the Treasurer's Office, including the College Savings Department that Ms. Salehian worked in.

**B.    Salehian's Performance Under Treasurer Conine's Administration**

After Treasurer Conine was elected, he met with Ms. Salehian and Ms. Yeatts to discuss the changes he wanted to see in the College Savings Department and where the department could grow. During the Nevada State Legislative session of 2019, the Treasurer's Office significantly increased the marketing budget for College Savings and created new positions that would report to Ms. Salehian. When the legislative session ended, the Treasurer's Office Executive Team, consisting of Treasurer Conine, Chief Deputy Treasurer Tara Hagan and Mr. Dickson, started discussing whether the deputies responsible for College Savings, including Ms. Salehian and Ms. Yeatts, would be able to support the significant program expansions secured during the legislative session. By that point, Mr. Dickson had noticed Ms. Salehian's poor overall performance relative to other deputies in the Office, her reluctance to adapt to changes requested by senior management and unwillingness to focus on Treasurer Conine's priorities. Ms. Salehian was frequently unable to correctly and accurately fill out simple government forms, like those for travel requests, resulting in hours of additional work for other staff in an attempt to prevent Ms. Salehian from receiving reimbursement beyond what was permitted under Nevada law. Mr. Dickson was also concerned about Ms. Salehian's inability to provide a clear strategy to move the College Savings Department in the direction it needed to go. When asked to put together a strategic

plan, Ms. Salehian produced a plan that was unresponsive and "absolutely incoherent." Treasurer Conine also noticed Ms. Salehian's resistance to focus on the things he wanted to focus on and considered Ms. Salehian's work product to be scattered and suboptimal. For instance, Ms. Salehian had a resistance to developing or promoting programs to historically disadvantaged communities in Nevada, frequently commenting to Treasurer Conine that "those people have no money". He also observed a "massive amount of toxicity" between Ms. Salehian and employees in the Northern Office. Ms. Salehian created a toxic environment with "persistent belittling of staff" and yelling at coworkers. Ms. Hagan, who had worked with Ms. Salehian in the Treasurer's Office for over five years, observed that Ms. Salehian was not always professional in her interactions with coworkers and was not an effective team player. Employees, including Deputy-level peers of Ms. Salehian, had come to Ms. Hagan and Treasurer Conine in tears because they felt badgered, gaslit, and threatened by Ms. Salehian. They were also upset at the multiple hours of weekly work that Ms. Salehian's refusal to comply with Nevada law caused them. Ms. Hagan also noticed that Ms. Salehian had a difficult time with change that occurs when there was a change in administration, a new Treasurer and a new direction for the Office. Indeed, Ms. Hagan's concerns about Ms. Salehian's performance had been discussed with former Treasurer Schwartz and resulted in a January 10, 2017, letter to Ms. Salehian that outlined those concerns. Further, when Treasurer Conine took Office, senior management from the previous administration suggested the termination of Ms. Salehian and Beth Yeatts. Treasurer Conine responded that he would make a decision on the employment of deputies based on his decision and observation as opposed to the recommendations of the prior administration. Ms. Salehian and Ms. Yeatts were the only terminations made of deputies by Treasurer Conine during his first term.

### C.     Salehian's Termination Due To Unsatisfactory Performance

During the spring of 2019, Mr. Dickson had noticed early warning signs related to Ms. Salehian's performance and reached the conclusion over the course of the summer that Ms. Salehian was not the right person to lead the program expansions in College Savings that had just been secured at the legislature.  By the end of August 2019, the Executive Team made the decision to terminate Ms. Salehian. At that point, Ms. Hagan and Mr. Dickson started working on the logistics of Ms. Salehian's termination.

Because Treasurer Conine wanted to notify Ms. Salehian of her termination in person, and Ms. Salehian had started working from home on or about October 11, 2019, Ms. Salehian was not terminated until she returned to work in the office on October 28, 2019.

The Millennium Scholarship Program Executive Director position was filled by Dr. Tya Mathis-Coleman, who, at the time of hire, had a bachelor's degree in political science, a Master's Degree in Public Administration, was in the process of earning her Doctorate of Public Policy, and approximately fifteen years of experience in government and education administration.

III.    Jurisdiction over Plaintiff's claims is proper pursuant to 28 U.S.C. §1331, 29 U.S.C. §2617(a)(2), and 42 U.S.C. 24 §12117(a) because the lawsuit asserts claims under federal law and seeks to recover damages under federal statutes.

**IV.    THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF**

The parties have agreed to the following stipulated facts:

1.    Salehian was hired by former Treasurer Kate Marshall on January 9, 2012, as a Senior Deputy Treasurer.

2.    Salehian's last position was Executive Director of the Governor Guinn Millennium Scholarship Program.

3.    Salehian was terminated on October 28, 2019.

4.    Plaintiff's position was filled by Dr. Tya Mathis-Coleman. At the time she was hired, Dr. Mathis-Coleman had a Bachelor's Degree in Political Science, a Master's Degree in Public Administration, was in the process of earning her Doctorate of Public Policy, and approximately fifteen years of experience in government and education administration.

**V.    THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY**

1.    Salehian was 57 years old (her date of birth is June 2, 1961) when Conine took office in January 2019.

2.    Salehian was 58 years old at the time of her termination.

3.    Dr. Tya Mathis-Coleman was 38 years old when she was hired.

4.      Ms. Salehian earned a Bachelor's degree in business administration and worked for Citigroup's credit card division from May 1986 through March 2009, then moved to public service within Clark County, prior to working for the Nevada State Treasurer's office.

## VI.    THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL[2]

**PLAINTIFF'S PROPOSED ISSUES OF FACT**

1.      Whether by a preponderance of the evidence did Defendants choose to terminate Plaintiff.

2.      Whether by a preponderance of the evidence was Plaintiff over the age of 40 years at the time Defendants choose to terminate Plaintiff.

3.      Whether by a preponderance of the evidence did Defendants choose to terminate Plaintiff because of her age, that is, the Defendants would not have chosen to terminate Plaintiff but for her age.

4.      Whether by a preponderance of the evidence Plaintiff is entitled to back pay damages.

5.      Whether by a preponderance of the evidence Plaintiff is entitled to front pay damages.

6.      Whether by a preponderance of the evidence Plaintiff mitigated her damages.

7.      Whether Defendants' conduct by a preponderance of the evidence was willful in that Defendants knew or showed reckless disregard for whether terminating Plaintiff due to her age was prohibited by law.

**DEFENDANTS' PROPOSED ISSUES OF FACT**

1.      Whether Plaintiff's unclassified position was at-will.

2.      Whether Plaintiff was over the age of 40 at the time she was dismissed.

3.      Whether Plaintiff's performance and conduct satisfactorily met the reasonable expectations for her position.

4.      Whether Plaintiff was dismissed for legitimate reason(s) having nothing to do with her age.

---

[2] Pursuant to Local Rules 16-3 and 16-4, should the attorneys or parties be unable to agree on the statement of issues of fact, the joint pretrial order should include separate statements of issues of fact to be tried and determined upon trial.

5.     Whether Plaintiff was replaced by a substantially younger person with equal or inferior qualifications.

6.     Whether Plaintiff has suffered any damages.

7.     Whether Plaintiff mitigated her damages.

## VII.    THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL[3],[4]

### PLAINTIFF'S ISSUES OF LAW

1.     Whether by a preponderance of the evidence did Defendants choose to terminate Plaintiff because of her age, that is, the Defendants would not have chosen to terminate Plaintiff but for her age.

2.     Whether by a preponderance of the evidence Plaintiff is entitled to back pay damages.

3.     Whether by a preponderance of the evidence Plaintiff is entitled to front pay damages.

4.     Whether by a preponderance of the evidence Plaintiff mitigated her damages.

5.     Whether Defendants' conduct by a preponderance of the evidence was willful in that Defendants knew or showed reckless disregard for whether terminating Plaintiff due to her age was prohibited by law.

### DEFENDANTS' ISSUES OF LAW

1.     Whether Plaintiff's dismissal for legitimate reason(s) having nothing whatsoever to do with her age violated the ADEA.

2.     Whether Plaintiff is entitled to any damages.

3.     Whether Plaintiff has mitigated her damages.

4.     Whether Plaintiff exhausted her administrative remedies.

.   .   .

.   .   .

---

[3] Pursuant to Local Rules 16-3 and 16-4, should the attorneys or parties to be unable to agree on the statement of law, the joint pretrial order should include separate statements of issues of law to be tried and determined upon trial.

[4] The parties respectfully request that any failure to "unerringly distinguish" between issues of fact and law due to the "vexing nature of the distinction between questions of law and questions of fact," be treated as corresponding questions of fact and questions of law. *Pullman-Standard v. Swint*, 456 U.S. 273, 288 (1982).

## VIII. PROPOSED EXHIBITS

    **(a)**    **The parties offer the following stipulations as to proposed exhibits:**

        **(1)**    Plaintiff's Stipulations as to Defendants' Proposed Exhibits are contained in **Attachment 1**.

        **(2)**    Defendants' Stipulations as to Plaintiff's Proposed Exhibits are contained in **Attachment 2**.

    **(b)**    **As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

        **(1)**    **Plaintiff's proposed exhibits:**

1.    Summary of Hires under 40 College Savings Division or Senior Leadership under Conine January 2019 through January 2021 – Salehian 036-037. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

2.    Statement of Employment Termination dated October 30, 2019 – Salehian 041–042.

3.    Separation Agreement (Signed by Dickson, unsigned by Salehian) – Salehian 043-047.

4.    Prohibitions and Penalties Guide and formal offer letter (Signed by Salehian on 1/9/2012) – Salehian 048-056. **Objection: only to the characterization of Salehian 056 as a formal offer letter.**

5.    Email from Dickson to Salehian and Yeatts dated 10/28/2019 – Salehian 068-069.

6.    Salehian response to Dan Schwartz's 1/10/2017 corrective action letter – Salehian 070-074.

7.    Letter of Recommendation from Kate Marshall – Salehian 075. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

8.    Letter of Recommendation from Steve George – Salehian 076. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

9.    Letter of Recommendation from Mark Mathers – Salehian 077. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

10.    Letter of Recommendation from Dan Schwartz – Salehian 078. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

11.     Letter of Recommendation from Beth Hagen – Salehian 079. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

12.     Statement of Yeatts to EEOC dated August 17, 2020 – Salehian 080-083. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

13.     Letter of Recommendation from Beth Yeatts – Salehian 084. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

14.     Letter of Recommendation from Cherie McDowell – Salehian 085. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

15.     Letter of Recommendation from James Canup – Salehian 086. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

16.     W-2 for Salehian for 2015 – Salehian 109. **Objections: FRE 401.**

17.     W-2 for Salehian for 2016 – Salehian 110. **Objections: FRE 401.**

18.     W-2 for Salehian for 2017 – Salehian 111. **Objections: FRE 401.**

19.     W-2 for Salehian for 2018 – Salehian 112. **Objections: FRE 401.**

20.     W-2 for Salehian for 2019 – Salehian 113.

21.     Email Salehian to Dickson regarding goals (and attachments) dated 7/19/2019 – Salehian 183-184, 286-298.

22.     Agenda Item 13, September 19, 2019 – Salehian 133-135.

23.     Nevada 529 College Savings Pilot Program, Final Report, June 2019 – Salehian 136-142.

24.     Proposed Amendment to Senate Bill 414 – Salehian – 144. **Objections: FRE 401; 403.**

25.     EEOC Fact Finding Meeting on 1/13/2021(Notes Salehian took) – Salehian 173-182. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; ; FRE 802; FRE 901.**

26.     Emails between John Hupalo and Salehian on August 9, 2019 – Salehian 185-190.

27.     Email re Ascensus pricing PD & SSGA fee review – Salehian 192-195.

28.     Emails between Kirsten Van Ry and Salehian dated September 16, 2019 and October 11, 2019 – Salehian 191, 196-198.

29.     Email from Mary Nickeson to Salehian dated October 16, 2019 – Salehian 199-201. **Objections: FRE 401.**

30.     Email from John Hupalo to Salehian dated October 17, 2019 – Salehian 221. **Objections: FRE 401.**

31.     Letter from Hatfield & Associates, LTD. to Judy Prutzman dated November 12, 2019 – Salehian 222. **Objections: FRE 401.**

32.     Salehian job application, professional training and employment/self-employment log 10/28/2019-02/07/2022 – Salehian 251-254.

33.     Salehian Resume – Salehian 224-226.

34.     Marshall resignation letter Governor Sisolak dated September 7, 2021 – Salehian 272-273. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**

35.     State of Nevada Employment Status Maintenance Transaction/Esmt-A - printed on 7/20/2019 – Salehian 274.

36.     State of Nevada Employment Status Maintenance Transaction/Esmt-A - printed on 7/7/2018 – Salehian 275.

37.     Damage Summary – Salehian 276-28. **Objections: FRE 601; FRE 701; FRE 702; FRE 901(a).**

38.     W-2 from General Manhattan Insurance for 2021 – Salehian 248.

39.     W-2 from General Manhattan Insurance for 2022 – Salehian 281.

40.     W-2 from General Manhattan Insurance for 2023 – Salehian 282.

41.     Salehian's Schedule C for 2021 – Salehian 283.

42.     Salehian's Schedule C for 2022 – Salehian 284.

43.     Salehian's Schedule C for 2023 – Salehian 285.

44.     Nevada Prepaid Tuition, Quarterly Report as of June 30, 2019 – Salehian 299-308.

45.     Nevada Prepaid Tuition, Quarterly Report as of June 30, 2024 – Salehian 310-317. **Objections: FRE 401.**

46.     Nevada Prepaid Tuition, Public Notice from November 1, 2019 to March 31, 2020 – Salehian 318-320.

47.     Nevada Prepaid Tuition, Public Notice from November 1, 2023 to April 15, 2024 – Salehian 321-323. **Objections: FRE 401.**

48.     Historical charts for Nevada State Treasurer's, 2018 Annual Report – Salehian 324.

49.     Table showing total AUM for each plan as well as total number of account as of June 30, 2019 – Salehian 325.

50.     Table showing total AUM for each plan as well as total number of account as of June 30, 2020 – Salehian 326. **Objections: FRE 401.**

51.     Table showing total AUM for each plan as well as total number of account for 2023 open enrollment period – Salehian 327. **Objections: FRE 401.**

52.     November 6, 2019 Letter and Personnel Records from State of Nevada Human Resources – Salehian 328-358.

53.     January 8, 2020 Letter and Personnel Records from State of Nevada Human Resources – Salehian 359-391.

54.     State of Nevada, Executive Branch, Harassment and Discrimination Policy, Rev. 9/2021 – Salehian 392-399.

55.     Email for Steve George to Shiela Salehian dated December 14, 2011 - Salehian 400.

56.     Memorandum dated September 27, 2021 re harassment and discrimination investigation unit revised policy - Salehian 401-402.

57.     Defendants Responses to Interrogatories.

58.     Defendants Responses to Request for Admissions.

**(c)     Defendants' proposed exhibits:**

A.     Sheila Salehian's Charge of Discrimination.  DEF 00031-00032 **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901.**

B.     ESMT-A New Hire. DEF 00240.

C.     ESMT-A Change PERS Pension Plan to Employer Only 12-19-13.  DEF 00259.

D.     ESMT-A Process Change to Interim Chief of Staff effective 10-13-14.  DEF 00262.

E.     ESMT-A Process Change to Sr. Deputy Treasurer from Interim Chief of Staff effective 1-5-15. DEF 00265.

F.    ESMT-A Process Change to Executive Director Millennium Scholarship effective 5-11-15.  DEF 00263.

G.    ESMT-A Employee Terminating State Service, Unclassified Employee, effective 10-29-19. DEF 00301.

H.    Proposed Separation Agreement.  DEF 00435-00439

I.    Letter from Miles Dickson to Sheila Salehian regarding Statement of Employment Termination for coordination of benefits, 10-30-19. DEF 00540-00541.

J.    Letter from former Treasurer Dan Schwartz outlining concerns with Sheila Salehian's Performance and Ability to Successfully Complete Tasks 1-10-17.  DEF 00520 **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802; FRE 901.**

K.    Nevada State Treasurer's Office Prohibitions and Penalties.  DEF 00048-00055.

L.    Sheila Salehian Acknowledgment of Prohibitions and Penalties.  DEF 00056.

M.    Job Duties of Executive Director – Millennium Scholarship/Deputy Treasurer – College Savings Program.  DEF 00543-00545.

N.    Job Duties of Chief of Staff.  DEF 00546-00547. **Objections: FRE 401; FRE 801; FRE 802.**

O.    Job Duties of Senior Deputy State Treasurer.  DEF 00548-00549. **Objections: FRE 401; FRE 801; FRE 802.**

P.    Nevada Office of the State Treasurer Employee Policy Manual, Rev. 2015. DEF 00573-00603.

Q.    State of Nevada Sexual Harassment and Discrimination Policy, Rev. 04-18-18. DEF 00604-00611.

R.    State of Nevada, Division of Human Resource Management Rule for State Personnel Administration.  DEF 00613-00862.

S.    State of Nevada Employee Handbook.  DEF 00864-00914.

T.    Termination from PEBP 11-19-19.  DEF 00933.

U.    Special Pay Request for Annual Leave Payout.  DEF 01010-01011.

V.      Sheila Salehian's Statement of Qualification and Resume for Sr. Deputy Treasurer position.  DEF 01015-01016.

W.      Email Correspondence between Tara Hagan and Miles Dickson 10-22-19.  DEF 01020 **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802; FRE 901.**

X.      Sheila Salehian Certificate of Appointment and Commission, 1-8-19. DEF 01023.

Y.      Email Correspondence from Miles Dickson to Tara Hagan regarding Plaintiff's position, 8-16-19. DEF 01218. **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901.**

Z.      Email Correspondence between Miles Dickson and Tara Hagan regarding Plaintiff's position, 9-3-19.  DEF 01219. **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901; Improper Redaction.**

AA.     Email from Miles Dickson to Tara Hagan regarding Office Planning Task Update and Questions, 9-19-19.  DEF 01220. **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901.**

BB.     Nevada Public Retirement System Summary Plan Description.  DEF 00915-00927.

CC.     State Contributions to Plaintiff's Benefits in 2018 and 2019. DEF 00928.

DD.     Email from Shiela Salehian to Miles Dickson re: Financial Literacy Goals, 8-15-19. DEF 01236-01237.

EE.     Plaintiff's Responses to Interrogatories.

FF.     Plaintiff's Responses to Request for Admissions.

**(b)     Electronic Evidence:**

Plaintiff and Defendants might present proposed exhibits in electronic form where applicable.

**(c)     Depositions:[5]**

**(1)     <u>Plaintiff will offer the following depositions:</u>**

At this time, Plaintiff understands that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability.  If a witness unexpectedly becomes unavailable before trial, then Defendant will be promptly notified, and

---

[5] In accordance with the Court's Order ECF 59, in the event any witness is determined to be unavailable for trial, the parties will identify the portions of depositions that will be read at trial by the party intending to introduce the same by page and line numbers at least 45 days prior to trial.

with respect to such witness, specific pages and lines of their deposition testimony will be promptly designated, and any other objections or counter-designations will then be timely made in response. Plaintiff hereby reserve the right to utilize deposition testimony in the instance that this should occur.

**(2)    Defendants will offer the following depositions:**

At this time, Defendant understands that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability.  If a witness unexpectedly becomes unavailable before trial, then Plaintiff will be promptly notified, and with respect to such witness, specific pages and lines of their deposition testimony will be promptly designated, and any other objections or counter-designations will then be timely made in response. Defendant hereby reserves the right to utilize deposition testimony in the instance that this should occur.

**(d)    Objections to depositions:**

The parties will file any objections within 14 days of the other party designating the exact deposition testimony to be offered for any unavailable witnesses. The parties further reserve the right to object to irrelevant or otherwise objectionable portions of any transcript of deposition testimony offered by a party at trial.

**IX.    THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES AT TRIAL:**

**A.  Provide names, addresses and phone numbers of Plaintiff's witnesses.**

1.    Sheila Salehian, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

2.    Beth Yeatts, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

3.    Linda English, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

4.    Cherie McDowell, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

5.    Kate Marshall, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

6.    Xocitl Guzman, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

7.    Dan Schwartz, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

8.    Ardie Hollingsworth, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

9.    Ed Zaparnynski, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

10.    Betsy Hagen, c/o Michael P. Balaban, Law Offices of Michael P. Balaban, 10726 Del Rudini Street, Las Vegas, Nevada 89141, (702)586-2964;

11.    Zach Conine, State Treasurer, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

12.    Miles Dickson, Former Chief of Staff, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

13.    Tara Hagan, Former Chief Deputy Treasurer, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

14.    Tya Mathis-Coleman, Plaintiff's replacement, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132; and

15.    Kirsten Van Ry, Yeatts' replacement, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

Plaintiff reserves the right to call impeachment witnesses and rebuttal witnesses as needed. Plaintiff reserves the right to call any person necessary to authenticate any of the possible exhibits listed herein.

**B.  Provide names and addresses of Defendants' witnesses.**

1.     Zach Conine, State Treasurer, c/o Chief Deputy Attorney General Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

2.     Miles Dickson, Former Chief of Staff, c/o Chief Deputy Attorney General Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

3.     Tara Hagan, Former Chief Deputy Treasurer, c/o Chief Deputy Attorney General Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

4.     Grant Hewitt, c/o Chief Deputy Attorney General Cameron Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

5.     Dr. Tya Mathis-Coleman, Executive Director, Millennium Scholarship Administration, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132; and

6.     Kirsten Van Ry, Chief of Staff, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

7.     Tami Simpson, Deputy State Treasurer, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

8.     Isabel Li, Investment Analyst III, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

9.     Blanca Platt, Program Officer III, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

10.    Evelyn Castro, Management Analyst III, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

11.    Erik Jimenez, Senior Deputy State Treasurer, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

12.    Linda Tobin, Former Treasurer's Office employee, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

13.    Amber Law, Former Treasurer's Office employee, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

14.    Lori Chatwood, Former Treasurer's Office employee, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

15.    Tom Hewitt, Ascensus College Savings – College Savings 529 Program Manager, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

16.    Sue Hopkins, Ascensus College Savings – College Savings 529 Program Manager, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132;

17.    Andrea Feirstein, AKF Consulting – College Savings 529 Program Consultant, c/o Cameron P. Vandenberg, STATE OF NEVADA, OFFICE OF ATTORNEY GENERAL, 5420 Kietzke Lane, Suite 202, Reno, Nevada 89511, (775)687-2132.

18.    Custodian of Records/Person Most Knowledgeable, Nevada Department of Administration, Human Resources Division, 515 East Musser Street, Suite 101Carson City, Nevada 89701 (775) 684-0150.

19.    Custodian of Records/Person Most Knowledgeable, Public Employee Benefits Plan,

3427 Goni Road, Suite 109, Carson City, Nevada 89706, (775) 684-7000 or (702) 486-3100.

20.    Custodian of Records/Person Most Knowledgeable, Public Employees Retirement Plan, 5740 S Eastern Avenue, Suite 120, Las Vegas, NV 89119, (702) 486-3900.

Defendants reserve the right to call impeachment witnesses and rebuttal witnesses as needed. Defendants reserve the right to call any person necessary to authenticate any of the possible exhibits listed herein not otherwise stipulated in the parties' attachments.

**C.  Objections to witnesses:**

**1.  <u>Plaintiff's objections to witnesses:</u>**

a.  Grant Hewitt  **Objections: FRE 401; FRE 403; FRE 404**;

b.  Tami Simpson  **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony by taking their deposition and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases;**

c.  Isabel Li  **Objections: This witness was never disclosed as a witness pursuant  to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases;**

d.  Blanca Platt  **Objections: This witness was never disclosed as a witness pursuant  to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases;**

e.  Evelyn Castro  **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

f.   Erik Jimenez **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

g.   Linda Tobin **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

h:   Amber Law **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

i:   Lori Chatwood **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

j.   Tom Hewitt **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

k.   Sue Hopkins **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness' potential testimony and thus objects to this witness being able to testify at trial.  Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

l.   Andrea Feirstein **Objections: This witness was never disclosed as a witness pursuant to FRCP 26(a)(1)(A)(i) and thus Plaintiff was never able to determine the scope of this witness'**

potential testimony and thus objects to this witness being able to testify at trial. **Plaintiff further objects to this witness pursuant to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

      2. <u>**Defendants' objections to witnesses**</u>:

    a. Beth Yeatts  **Objections: FRE 401; FRE 403; FRE 404;**

    b. Linda English  **Objections: FRE 401; FRE 403; FRE 404;**

    c. Cherie McDowell  **Objections: FRE 401; FRE 403; FRE 404;**

    d. Kate Marshall  **Objections: FRE 401; FRE 403; FRE 404;**

    e. Ardie Hollingsworth   **Objections: FRCP 26(a)(1)(A)(i) – this witness was disclosed by supplemental disclosure after the close of discovery and the subjects of the witnesses' information described as "discoverable information that Plaintiff may use to support her claims or defenses," is too vague to determine the scope of this witnesses' potential testimony, and on that basis Defendants further object as to FRE 401; FRE 403; and FRE 404 to preserve these bases;**

    f. Ed Zaparnynski   **Objections: FRCP 26(a)(1)(A)(i) – this witness was disclosed by supplemental disclosure after the close of discovery and the subjects of the witnesses' information described as "discoverable information that Plaintiff may use to support her claims or defenses," is too vague to determine the scope of this witnesses' potential testimony, and on that basis Defendants further object as to FRE 401; FRE 403; and FRE 404 to preserve these bases;**

    g. Betsy Hagen  **Objections: FRCP 26(a)(1)(A)(i) – this witness was disclosed by supplemental disclosure after the close of discovery and the subjects of the witnesses' information described as "discoverable information that Plaintiff may use to support her claims or defenses," is too vague to determine the scope of this witnesses' potential testimony, and on that basis Defendants further object as to FRE 401; FRE 403; and FRE 404 to preserve these bases.**

**X.**    The attorneys or parties have met and jointly offer these weeks for trial dates, with the understanding that the Court may very well set the trial date at a later time.

       July 7, 2025      July 14, 2025      July 21, 2025

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

**XI.**     It is estimated that the trial will take a total of 5 days.

APPROVED AS TO FORM AND CONTENT on the 11th day of March, 2025.

AARON D. FORD
ATTORNEY GENERAL

By:     */s/ Kristen Geddes*
CAMERON P. VANDENBERG
Chief Deputy Attorney General
KRISTEN R. GEDDES
Senior Deputy Attorney General

*Attorneys for Defendant*


LAW OFFICES OF MICHAEL P. BALABAN

BY:     */s/ Michael P. Balaban*
MICHAEL P. BALABAN, ESQ.

*Attorney for Plaintiff*


**XI.     ACTION BY THE COURT**

This case is set for jury trial on the fixed/stacked calendar on _____.

Calendar call will be held on _____ in Courtroom _____.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED: _____


_____
UNITED STATES DISTRICT JUDGE

# ATTACHMENT

# "1"

| Ex. | Description | Admissibility Stipulated | Authenticity Stipulated/ Admissibility Disputed | Authenticity & Admissibility Disputed |
|---|---|---|---|---|
| A | Sheila Salehian's Charge of Discrimination. DEF 00031-00032 **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901.** | | | x |
| B | ESMT-A New Hire. DEF 00240 | x | | |
| C | ESMT-A Change PERS Pension Plan to Employer Only 12-19-13. DEF 00259 | x | | |
| D | ESMT-A Process Change to Interim Chief of Staff effective 10-13-14. DEF 00262 | x | | |
| E | ESMT-A Process Change to Sr. Deputy Treasurer from Interim Chief of Staff effective 1-5-15. DEF 00265 | x | | |
| F | ESMT-A Process Change to Executive Director Millennium Scholarship effective 5-11-15. DEF 00263 | x | | |
| G | ESMT-A Employee Terminating State Service, Unclassified Employee, effective 10-29-19. DEF 00301 | x | | |
| H | Proposed Separation Agreement. DEF 00435-00439 | x | | |
| I | Letter from Miles Dickson to Sheila Salehian regarding Statement of Employment Termination for coordination of benefits, 10-30-19. DEF 00540-00541 | x | | |
| J | Letter from former Treasurer Dan Schwartz outlining concerns with Sheila Salehian's Performance and Ability to Successfully Complete Tasks 1-10-17. DEF 00520 **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802; FRE 901.** | | | x |
| K | Nevada State Treasurer's Office Prohibitions and Penalties. DEF 00048-00055 | x | | |
| L | Sheila Salehian Acknowledgment of Prohibitions and Penalties. DEF 00056 | x | | |
| M | Job Duties of Executive Director – Millennium Scholarship/Deputy Treasurer – College Savings Program. DEF 00543-00545 | x | | |
| N | Job Duties of Chief of Staff. DEF 00546-00547 **Objections: FRE 401; FRE 801; FRE 802.** | | x | |
| O | Job Duties of Senior Deputy State Treasurer. DEF 00548-00549 **Objections: FRE 401; FRE 801; FRE 802.** | | x | |
| P | Nevada Office of the State Treasurer Employee Policy Manual, Rev. 2015. DEF 00573-00603 | x | | |
| Q | State of Nevada Sexual Harassment and Discrimination Policy, Rev. 04-18-18. DEF 00604-00611 | x | | |
| R | State of Nevada, Division of Human Resource Management Rule for State Personnel Administration. DEF 00613-00862 | x | | |
| S | State of Nevada Employee Handbook. DEF 00864-00914 | x | | |
| T | Termination from PEBP 11-19-19. DEF 00933 | x | | |
| U | Special Pay Request for Annual Leave Payout. DEF 01010-01011 | x | | |
| V | Sheila Salehian's Statement of Qualification and Resume for Sr. Deputy Treasurer position. DEF 01015-01016 | x | | |
| W | Email Correspondence between Tara Hagan and Miles Dickson 10-22-19. DEF 01020 **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802; FRE 901.** | | | x |
| X | Sheila Salehian Certificate of Appointment and Commission, 1-8-19. DEF 01023 | x | | |
| Y | Email Correspondence from Miles Dickson to Tara Hagan regarding Plaintiff's position, 8-16-19. DEF 01218 **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901.** | | | x |
| Z | Email Correspondence between Miles Dickson and Tara Hagan regarding Plaintiff's position, 9-3-19. DEF 01219 **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901; Improper Redaction.** | | | x |
| AA | Email from Miles Dickson to Tara Hagan regarding Office Planning Task Update and Questions, 9-19-19. DEF 01220 **Objections: FRE 401; 403; FRE 404; FRE 801; FRE 802; FRE 901.** | | | x |
| BB | Nevada Public Retirement System Summary Plan Description. DEF 00915-00927 | x | | |
| CC | State Contributions to Plaintiff's Benefits in 2018 and 2019. DEF 00928 | x | | |
| DD | Email from Sheila Salehian to Miles Dickson re: Financial Literacy Goals, 8-15-19. DEF 01236-01237 | x | | |
| EE | Plaintiff's Responses to Interrogatories | N/A | | |
| FF | Plaintiff's Responses to Request for Admissions | N/A | | |

*Sheila Salehian v. State of Nevada*
Case No. 2:21-cv-01512-CDS-NJK

**Attachment 1
Plaintiff's Pre-Trial Stipulations as to
Defendants' Exhibits**

Page 1 of 1

# ATTACHMENT

# "2"

| Ex. | Description | Admissibility Stipulated | Athenticity Stipulated/ Admissibility Disputed | Authenticity & Admissibility Disputed |
|---|---|---|---|---|
| 1 | Summary of Hires under 40 College Savings Division or Senior Leadership under Conine January 2019 through January 2021 – Salehian 036-037. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 2 | Statement of Employment Termination dated October 30, 2019 – Salehian 041–042 | x | | |
| 3 | Separation Agreement (Signed by Dickson, unsigned by Salehian) – Salehian 043-047 | x | | |
| 4 | Prohibitions and Penalties Guide and formal offer letter (Signed by Salehian on 1/9/2012) – Salehian 048-056.  **Objection: only to the characterization of Salehian 056 as a formal offer letter.** | x | | |
| 5 | Email from Dickson to Salehian and Yeatts dated 10/28/2019 – Salehian 068-069. | x | | |
| 6 | Salehian response to Dan Schwartz's 1/10/2017 corrective action letter – Salehian 070-074 | x | | |
| 7 | Letter of Recommendation from Kate Marshall – Salehian 075. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 8 | Letter of Recommendation from Steve George – Salehian 076. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 9 | Letter of Recommendation from Mark Mathers – Salehian 077. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 10 | Letter of Recommendation from Dan Schwartz – Salehian 078. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 11 | Letter of Recommendation from Beth Hagen – Salehian 079. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 12 | Statement of Yeatts to EEOC dated August 17, 2020 – Salehian 080-083. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.**13. | | | x |
| 13 | Letter of Recommendation from Beth Yeatts – Salehian 084. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 14 | Letter of Recommendation from Cherie McDowell – Salehian 085. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 15 | Letter of Recommendation from James Canup – Salehian 086. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; FRE 802.** | | | x |
| 16 | W-2 for Salehian for 2015 – Salehian 109 **Objections: FRE 401** | | x | |
| 17 | W-2 for Salehian for 2016 – Salehian 110 **Objections: FRE 401** | | x | |
| 18 | W-2 for Salehian for 2017 – Salehian 111 **Objections: FRE 401** | | x | |
| 19 | W-2 for Salehian for 2018 – Salehian 112 **Objections: FRE 401** | | x | |
| 20 | W-2 for Salehian for 2019 – Salehian 113 | x | | |
| 21 | Email Salehian to Dickson regarding goals (and attachments) dated 7/19/2019 – Salehian 183-184, 286-298 | x | | |
| 22 | Agenda Item 13, September 19, 2019 – Salehian 133-135 | x | | |
| 23 | Nevada 529 College Savings Pilot Program, Final Report, June 2019 – Salehian 136-142 | x | | |
| 24 | Proposed Amendment to Senate Bill 414 – Salehian – 144 **Objections: FRE 401; 403** | | x | |
| 25 | EEOC Fact Finding Meeting on 1/13/2021(Notes Salehian took) – Salehian 173-182. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; ; FRE 802; FRE 901.** | | | x |
| 26 | Emails between John Hupalo and Salehian on August 9, 2019 – Salehian 185-190 | x | | |
| 27 | Email re Ascensus pricing PD & SSGA fee review – Salehian 192-195 | x | | |
| 28 | Emails between Kirsten Van Ry and Salehian dated September 16, 2019 and October 11, 2019 – Salehian 191, 196-198 | x | | |
| 29 | Email from Mary Nickeson to Salehian dated October 16, 2019 – Salehian 199-201 **Objections: FRE 401.** | | x | |
| 30 | Email from John Hupalo to Salehian dated October 17, 2019 – Salehian 221 **Objections: FRE 401.** | | x | |
| 31 | Letter from Hatfield & Associates, LTD. to Judy Prutzman dated November 12, 2019 – Salehian 222. **Objections: FRE 401.** | | | x |
| 32 | Salehian job application, professional training and employment/self-employment log 10/28/2019- 02/07/2022 – Salehian 251-254 | | x | |
| 33 | Salehian Resume – Salehian 224-226 | x | | |
| 34 | Marshall resignation letter Governor Sisolak dated September 7, 2021 – Salehian 272-273. **Objections: FRE 401; FRE 403; FRE 404; FRE 801; ; FRE 802.** | | | x |
| 35 | State of Nevada Employment Status Maintenance Transaction/Esmt-A - printed on 7/20/2019 – Salehian 274 | x | | |
| 36 | State of Nevada Employment Status Maintenance Transaction/Esmt-A - printed on 7/7/2018 – Salehian 275 | x | | |

| Ex. | Description | Admissibility Stipulated | Athenticity Stipulated/ Admissibility Disputed | Authenticity & Admissibility Disputed |
|---|---|---|---|---|
| 37 | Damage Summary – Salehian 276-28 **Objections: FRE 601; FRE 701; FRE 702; FRE 901(a)** | | | x |
| 38 | W-2 from General Manhattan Insurance for 2021 – Salehian 248 | x | | |
| 39 | W-2 from General Manhattan Insurance for 2022 – Salehian 281 | x | | |
| 40 | W-2 from General Manhattan Insurance for 2023 – Salehian 282 | x | | |
| 41 | Salehian's Schedule C for 2021 – Salehian 283 | x | | |
| 42 | Salehian's Schedule C for 2022 – Salehian 284 | x | | |
| 43 | Salehian's Schedule C for 2023 – Salehian 285 | x | | |
| 44 | Nevada Prepaid Tuition, Quarterly Report as of June 30, 2019 – Salehian 299-308 | x | | |
| 45 | Nevada Prepaid Tuition, Quarterly Report as of June 30, 2024 – Salehian 310-317 **Objections: FRE 401.** | | x | |
| 46 | Nevada Prepaid Tuition, Public Notice from November 1, 2019 to March 31, 2020 – Salehian 318-320 | x | | |
| 47 | Nevada Prepaid Tuition, Public Notice from November 1, 2023 to April 15, 2024 – Salehian 321-323 **Objections: FRE 401.** | | x | |
| 48 | Historical charts for Nevada State Treasurer's, 2018 Annual Report – Salehian 324 | x | | |
| 49 | Table showing total AUM for each plan as well as total number of account as of June 30, 2019 – Salehian 325 | x | | |
| 50 | Table showing total AUM for each plan as well as total number of account as of June 30, 2020 – Salehian 326 **Objections: FRE 401.** | | x | |
| 51 | Table showing total AUM for each plan as well as total number of account for 2023 open enrollment period – Salehian 327 **Objections: FRE 401.** | | x | |
| 52 | November 6, 2019 Letter and Personnel Records from State of Nevada Human Resources – Salehian 328-358 | x | | |
| 53 | January 8, 2020 Letter and Personnel Records from State of Nevada Human Resources – Salehian 359-391 | x | | |
| 54 | State of Nevada, Executive Branch, Harassment and Discrimination Policy, Rev. 9/2021 – Salehian 392-399 | x | | |
| 55 | Email for Steve George to Shiela Salehian dated December 14, 2011, Salehian 400 | x | | |
| 56 | Memorandum dated September 27, 2021 re harassment and discrimination investigation unit revised policy, Salehian 401-402 | x | | |
| 57 | Defendants Responses to Interrogatories | N/A | | |
| 58 | Defendants Responses to Request for Admissions | N/A | | |